CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 08, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERVIN LAMONTE HOLLOMAN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DIRECTOR HAROLD CLARKE, et al., )<br>    Defendants. ) | Case No. 7:23-cv-00380<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

Plaintiff Ervin Lamonte Holloman, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. Prior to filing this action, Holloman filed at least three actions that were dismissed for failure to state a claim upon which relief may be granted.[1] Therefore, under the three-strikes provision of the Prison Litigation Reform Act, Holloman may not proceed with this action unless he either prepays the entire filing fee or shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To satisfy the imminent-danger exception to the three-strikes provision, an inmate must "allege[] sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006). Instead, an inmate "must make

---

[1] See Holloman v. Va. Dep't of Corr., No. 7:22-cv-00478 (W.D. Va. Dec. 5, 2022); Holloman v. Va. Dept of Corr., No. 7:22-cv-00674 (W.D. Va. Feb. 17, 2023); Holloman v. Va. Dep't of Corr., No. 7:23-cv-00117 (W.D. Va. Apr. 11, 2023).

'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Id. (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

Holloman's pleadings do not contain any allegations that would support a finding that he is in imminent danger of serious physical injury. Although his original complaint alleged that he was "preyed upon" and subjected to "reckless endangerment" at various Virginia Department of Corrections facilities over a multi-year period, Compl, ECF No. 4–14, such vague allegations are insufficient to show that he was in imminent danger at the time he filed the initial complaint. Likewise, Holloman's amended complaint, which names more than sixty prison officials as defendants, does not include any allegations that would satisfy the imminent-danger exception. Instead, he merely alleges in a conclusory fashion that "repetitive breaches of substantive due process" occurred from "2008–2023," and he summarily refers to "continuing breaches of family disturbance, criminal negligence, [and] contributory negligence." Am. Compl., ECF No. 8, at 5.

Because Holloman has not prepaid the filing fee or alleged specific facts establishing that he "is under imminent danger of serious physical injury," the court will dismiss this action without prejudice under 28 U.S.C. § 1915(g).[2] An appropriate order will be entered.

---

[2] Even if Holloman had satisfied the requirements of § 1915(g), his amended complaint would be subject to dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim against the named defendants. See Ashcroft v. Iqbal, 556 U.S. 662, 676–78 (2009) (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and that a complaint must contain more than "labels and conclusions" or "naked assertions devoid of further factual enhancement") (internal quotation marks, brackets, and citation omitted).

3

Entered: January 8, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.01.08 12:47:00
-05'00'

Michael F. Urbanski
Chief United States District Judge